

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00120-CR

Noemy G. **RAMIREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR11195
Honorable Ron Rangel, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
               Beth Watkins, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: March 27, 2019

DISMISSED FOR LACK OF JURISDICTION

Pursuant to a plea bargain agreement, appellant pleaded guilty to arson of a habitation or place of assembly. On March 14, 2017, the trial court assessed punishment at five years' imprisonment with a $1,500.00 fine.

Appellant did not file a motion for new trial. Therefore, appellant's notice of appeal was due to be filed April 13, 2017. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due on April 28, 2017. TEX. R. APP. P. 26.3. Appellant did not file his notice of appeal until March 4, 2019, approximately one year and ten months after its due date.

Because the notice of appeal in this case was not timely filed, we lack jurisdiction to entertain this appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (holding that if an appeal is not timely perfected, the court of appeals does not obtain jurisdiction to address the merits of appeal, and the court may take no action other than to dismiss appeal; an appellate court may not suspend rules to alter time for perfecting appeal); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (explaining that writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals from felony convictions).

Accordingly, we dismiss this appeal for lack of jurisdiction.[1]

PER CURIAM

DO NOT PUBLISH

---

[1] We also note the trial court's certification in this appeal states that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; therefore, the trial court's certification accurately reflects that the criminal case is a plea-bargain case. *See* TEX. R. APP. P. 25.2(a)(2). Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d).